IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § § § |
| Plaintiff, | § § |
| v. | § No. 3:07-CV-591-M |
| | § § |
| TODD LOFTIS and LISA LOFTIS, | § § |
| Defendants. | § § |

**MEMORANDUM OPINION AND ORDER**

On August 30, 2002, Todd Loftis transferred his community property interest in certain real property to Lisa Loftis. The United States now brings this action to void the transfer under the Federal Debt Collection Procedures Act of 1990.[1] Ms. Loftis demanded a trial by jury in her response to the Complaint, and the United States moves to strike that demand. As it is undisputed that the Federal Debt Collection Procedures Act does not provide for a trial by jury, the Court must decide whether the Seventh Amendment nonetheless entitles Loftis to a jury trial. Because the claims brought by the United States are equitable in nature, the Court **GRANTS** the Motion to Strike Ms. Loftis' jury demand.

Where a statute does not provide for a right to trial by jury, courts are to make two inquiries in determining whether the Seventh Amendment entitles a party to a trial by jury.[2] First, the action at issue is to be compared to actions brought in England before the merger of the courts of law and equity.[3] Second, and more significantly, a determination is to be made as to

---

[1] 28 U.S.C. §§ 3001–3308.
[2] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).
[3] *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 418 (1987)).

whether the remedy sought is legal or equitable in nature.[4]  Several courts have engaged in this two-part inquiry in considering actions to void allegedly fraudulent conveyances of real property, and they have concluded that the remedy sought is equitable.  In *United States v. McMahan*, the Fifth Circuit acknowledged, in an *en banc* decision, that actions to set aside conveyances of real property and to foreclose liens are equitable in nature.[5]  Ultimately, the court in *McMahan* found that a right to a trial by jury existed,[6] "[b]ut *McMahan* involved a situation where both the legal issue of tax liability and penalties, and equitable claims were asserted."[7]  "The clear implication of the language in *McMahan* . . . is that if a case involves only equitable issues, a trial by jury is not guaranteed by the Seventh Amendment of the Constitution."[8]  Since *McMahan* was decided, several district courts in the Fifth Circuit have found that actions by the government to set aside fraudulent conveyances of real property are equitable in nature and do not trigger a right to a trial by jury.[9]  These holdings, and the holding in *McMahan*, do not contravene the teaching of *Granfinanciera*, in which the Supreme Court concluded "that respondent would have had to bring this action to recover an alleged fraudulent conveyance of a *determinate sum of money* at law in 18th-century England."[10]  Here, only real property is involved.

Accordingly, the Court concludes that Ms. Loftis is not entitled to a trial by jury on the claim to void an allegedly fraudulent transfer of real property.  The Court therefore **GRANTS** the

---

[4] *Id.* at 42.
[5] 569 F.2d 889, 890 (5th Cir. 1978) (en banc).
[6] *Id.* at 892.
[7] *Duncan v. First Nat'l Bank of Cartersville, Ga.*, 597 F.2d 51, 55 (5th Cir. 1979).
[8] *Id.*
[9] *Tapp v. United States*, No. A-00-CA-668-SS, 2001 WL 587217, at *2–3 (W.D. Tex. 2001); *United States v. Stewart*, No. A-02-CA-673-H, 2003 WL 932362, at *1–2 (W.D. Tex. 2003).
[10] 492 U.S. at 46–47 (emphasis added); *see also Austin v. Shalala*, 994 F.2d 1170, 1176 (5th Cir. 1993) (emphasis in original) ("Here, the United States does not seek to pay a debt; it seeks to *recover* money purportedly paid to a social security claimant by mistake.").

Motion to Strike Ms. Loftis' jury demand.

**SO ORDERED**.

August 27, 2007.

_____
**BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**